IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JESSICA KING,

    Plaintiff,

v.                                                                    CASE NO:3:19-CV-3616

JOBS4U, INC.

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JESSICA KING, by and through undersigned counsel, sues Defendant, JOBS4U, INC, as follows:

## INTRODUCTION

1. This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e et seq. and the Pregnancy Discrimination Act, and Chapter 760, FLA. STAT.

## JURISDICTION, VENUE, AND PARTIES

2. This is an action involving claims which meet the minimum jurisdictional requirements for this Court.

3. Venue is proper in the Northern District of Florida as the Defendant has a place of business in Okaloosa County and because the causes of action asserted herein occurred in Okaloosa County.

4. Plaintiff JESSICA KING ("KING" or "Plaintiff") is an individual 18 years of age or older and is thus *sui juris*.

5. King resided in Okaloosa County, Florida, at all times relevant to the allegations herein.

6. Defendant, Jobs4u, Inc. ("Defendant") is a Florida for Profit Corporation, registered and authorized to conduct business in the State of Florida and is an employer under the statutes cited herein.

7. All conditions precedent to bringing this action have occurred, been performed, or have been expressly waived.

## GENERAL ALLEGATIONS

8. Plaintiff, JESSICA KING, was an employee of Jobs4U, Inc., and began her employment in 2016.

9. Plaintiff worked as a job developer throughout the course of her employment.

10. During her employment, Plaintiff became pregnant.

11. Plaintiff informed her supervisor, Beth Ostroff, of her pregnancy and afterward, she was subjected to derogatory comments related to her pregnancy.

12. On multiple occasions Ms. Ostroff expressed that she believed Plaintiff was using her pregnancy as an excuse not to perform her duties.

13. During her employment, Plaintiff's performance was exemplary and there was no change in the quality of her work after she became pregnant.

14. While working, Plaintiff's supervisor would tell her that she wished she had not become pregnant and was eager for her pregnancy to be over.

15. The repeated verbal harassment regarding her pregnancy from her supervisor created a severely stressful and hostile work environment for Plaintiff. As a result, Plaintiff felt she had no other choice but to resign from her position on July 12, 2018.

## COUNT I: Sex Discrimination in Violation of Title VII

16. Plaintiff re-alleges paragraphs 1 through 15 above.

17. Defendant's behavior towards plaintiff was based on her sex, specifically a her pregnancy, and thus constituted sex discrimination as proscribed by 42 U.S.C. § 2000e-2(a) and the Pregnancy Discrimination Act.

18. Defendant's conduct discriminated against plaintiff with respect to the terms, conditions, or privileges of employment.

19. As a direct, natural, proximate and foreseeable result of the actions of defendant, plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses.

20. The discrimination that plaintiff has suffered, in violation of the statutory rights to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

21. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

WHEREFORE, plaintiff, JESSICA KING, prays that this Court will:

*One*, issue a declaratory judgment that defendant's practices toward plaintiff violated her rights against sex discrimination under Title VII;

*Two,* enjoin defendant and its agents from continuing to violate plaintiff's statutory rights under Title VII and to make plaintiff whole;

*Three*, enter a judgment for plaintiff and against defendant for damages, including compensatory damages;

*Four,* enter a judgment for plaintiff and against defendant for punitive damages;

*Five*, grant plaintiff her costs and reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k); and

*Six*, grant plaintiff such other and further relief as the circumstances and law provide.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demands jury trial on all issues so triable as a matter of right.

Dated this 30th day of September, 2019.

>/s/ Tiffany R. Cruz\_\_\_\_
>Tiffany R. Cruz, FBN 90986
>FRIEDMAN, ABRAHAMSEN & CRUZ
>403 E. Park Avenue
>Tallahassee, FL 32301
>(850) 681-3540 (telephone)
>Tiffany@fa-laywers.com
>Paralegal@fa-lawyers.com
>ATTORNEY FOR PLAINTIFF